IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-63-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NOTICE AND O R D E R |
| | ) | |
| MELISSA HEGGIE | ) | |
| | ) | |

This matter is before the Court on the United States' Motion to Dismiss [DE 119]. On August 13, 2010, Defendant Melissa Heggie filed a Motion to Amend Judgment [DE 110]. On September 15, 2010, Ms. Heggie filed a Motion to Reduce Sentence [DE 111].

In its Motion, the United States asks the Court to recharacterize Ms. Heggie's Motions as motions for relief under 28 U.S.C. § 2255. *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). Because Ms. Heggie seeks to vacate and reduce her sentence, Ms. Heggie is hereby NOTIFIED that the Court intends to re-characterize and construe her Motion to Amend Judgment and Motion to Reduce Sentence collectively as a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255.

The Court ALLOWS Ms. Heggie thirty days from the filing of this Notice to confirm or deny her intent to file a motion pursuant to 28 U.S.C. § 2255. Although Ms. Heggie has subsequently filed a "Motion to Convert Motion 3553 to 28 U.S.C. 2255" [DE 120], the Court allows Ms. Heggie to respond to this Notice out of an abundance of caution, to ensure that she is aware of the effects and requirements of the Court construing her motion as a § 2255 motion. For example, second or successive motions are not permitted under § 2255, and § 2255 motions

are subject to a one-year period of limitations.[1] If Ms. Heggie does not timely respond to this Notice, the Court will presume that Ms. Heggie is not seeking such relief and her Motion will be dismissed without prejudice. Should Ms. Heggie timely notify this Court of her intention to file a Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255, the Clerk is DIRECTED to provide Ms. Heggie with the appropriate forms on which to file such a motion.

Pursuant to *Castro v. United States*, 540 U.S. 375, 377, 383 (2003) and *United States v. Emmanuel*, 288 F.3d at 649, the Court now ADVISES Ms. Heggie of the effects and requirements of filing a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.

SO ORDERED, this the _17_ day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2255(f) provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.