IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CR-63-BO-1
No. 4:12-CV-24-BO

| | |
|---|---|
| MELISSA HEGGIE, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | ORDER |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 138]. Respondent, the government, has moved to dismiss [DE 141], and the matter is ripe for ruling.

## BACKGROUND

Petitioner, Ms. Heggie, pleaded guilty pursuant to a written plea agreement on November 24, 2008, to one count of conspiracy to commit wire and mail fraud, one count of wire fraud aiding and abetting, one count of mail fraud aiding and abetting, and one count of aggravated identity theft. Ms. Heggie was sentenced by this Court on May 5, 2009, to an aggregate sentence of sixty-one months in the custody of the Bureau of Prisons. Ms. Heggie did not file a direct appeal.

Ms. Heggie filed a letter with the Court requesting a reduction of her sentence on August 13, 2010. Ms. Heggie then filed a Motion for Reduction of Sentence and Request to Modify Sentencing pursuant to 18 U.S.C. § 3553 on September 15, 2010. On October 18, 2011, the Court entered an order notifying Ms. Heggie of its intent to construe her Motion for Reduction of Sentence as a motion pursuant to 28 U.S.C. § 2255. Ms. Heggie filed her § 2255 petition on

proper forms on February 14, 2012.

## DISCUSSION

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four events: when the judgment of conviction becomes final, when an impediment to making a motion that is created by the government is removed, when the Supreme Court initially recognizes a right, or when new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Because Ms. Heggie did not file a direct appeal, her conviction became final on the date her judgment of conviction was entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Ms. Heggie's judgment of conviction was entered on May 5, 2009. Ms. Heggie's first motion, and indeed her letter to the court requesting a reduction of her sentence, were filed in August and September 2010 – well outside the one-year limitations period. Ms. Heggie's motion is therefore untimely under 28 U.S.C. § 2255(f)(1).

Ms. Heggie does not contend that her motion is timely under any other provision of § 2255(f). Ms. Heggie states in response[1] to the government's motion to dismiss that the Court should accept her untimely petition because she attempted to mail a letter before August 2012, she is a United States citizen who paid taxes prior to being incarcerated, and she was unaware of the availability of post-conviction relief. Equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d

---

[1] Ms. Heggie's response to the government's motion was styled as a Motion to Accept 2255 [DE 147]. Because the Court deems this filing to be a response and not a separate motion, the motion is DENIED AS MOOT.

2

290, 304 (4th Cir. 2008) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Ignorance of the of the law, even in the case of an unrepresented prisoner, is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Further, no facts have been alleged that would suggest that this is a rare instance in which it would be unconscionable to enforce the limitations period. Absent any such showing by Ms. Heggie, the Court finds that equitable tolling of the limitations period is not warranted in this matter.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Ms. Heggie is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Ms. Heggie is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of

3

denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that reasonable jurists would not find the Court's treatment of any of Ms. Heggie's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's Motion to Dismiss is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. Petitioner's Motion to Accept 2255 is DENIED AS MOOT.

SO ORDERED, this __15__ day of May, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4